JAMES S. KNOPF (CSBN 178934)
LAW OFFICES OF JAMES S. KNOPF
1840 Gateway Drive, Suite 200
San Mateo, CA 94404
Tel: 650-627-9500
Fax: 888-808-5001
Email: jsk@knopflaw.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Obelia D. Villaflor, individually
and on behalf of all similarly situated
individuals,

    Plaintiff,

v.

Equifax Information Services, LLC,

    Defendant.

Case No.:

Judge: CV08-01481FMC

Magistrate Judge:

Class Action Complaint for
Violations of the FCRA - 15 U.S.C. §1681
et seq.

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Obelia D. Villaflor, ("Plaintiff"), individually and on behalf of all similarly situated individuals, alleges the following:

### JURISDICTION

1. This action is brought by Plaintiff as a class action on behalf of herself and the class of consumers defined herein against the named defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, as amended ("FCRA").

2. Federal question jurisdiction properly exists over this action under 15 U.S.C. §1681p and 28 U.S.C. §§1331 and 1337.

3. Defendant Equifax Information Services, LLC ("Equifax" or "Defendant") is a business entity that regularly conducts business throughout every state and county of the United

1
COMPLAINT

JAMES S. KNOPF  (CSBN 178934)
LAW OFFICES OF JAMES S. KNOPF
1840 Gateway Drive, Suite 200
San Mateo, CA 94404
Tel: 650-627-9500
Fax: 888-808-5001
Email: jsk@knopflaw.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Obelia D. Villaflor, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>Equifax Information Services, LLC,<br><br>Defendant. | Case No.:<br><br>Judge:<br><br>Magistrate Judge:<br><br>**Class Action Complaint for Violations of the FCRA - 15 U.S.C. §1681 et seq.**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Obelia D. Villaflor, ("Plaintiff"), individually and on behalf of all similarly situated individuals, alleges the following:

## JURISDICTION

1. This action is brought by Plaintiff as a class action on behalf of herself and the class of consumers defined herein against the named defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, as amended ("FCRA").

2. Federal question jurisdiction properly exists over this action under 15 U.S.C. §1681p and 28 U.S.C. §§1331 and 1337.

3. Defendant Equifax Information Services, LLC ("Equifax" or "Defendant") is a business entity that regularly conducts business throughout every state and county of the United

1

COMPLAINT

States and, as a corporation that conducts business in the State of California, is a citizen of the State of California. Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Equifax is regularly engaged in the business practice of assembling, evaluating, and disbursing information concerning consumers for the purpose of preparing and furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(f).

## VENUE

4. Venue in the United States District Court for the Central District of California is proper under 28 U.S.C. § 1391(b) and based upon the following:

   a. Defendant transacts business in this District.

   b. The violations of the FCRA, alleged below, occurred and/or were committed in Los Angeles County, State of California, within the Central District of California (and throughout the United States);

   c. At all times material hereto, the Defendant was and continues to be a corporation engaged in business activities in Los Angeles County, California, and as such is a citizen of the State of California.

5. The lead plaintiff is an individual residing in Los Angeles County, California, and is a "consumer" as that term is defined by 15 U.S.C. §1681 *et seq.*, as amended, including 15 U.S.C. § 1681a(c).

## FACTS COMMON TO ALL COUNTS

6. Plaintiff is a natural person domiciled in, and a citizen of, California. Plaintiff is a member of the classes defined herein. Defendant is a consumer reporting agency which has compiled and disclosed certain information about the Plaintiff and the class on their consumer reports.

7. Defendant Equifax has repeatedly disclosed on a consumer disclosure to the Plaintiff, an alleged account with Ameriquest Mortgage Company. Equifax has disclosed that this

account has been "paid" in the "activity description" field of the consumer disclosure and that the account has been closed on "06/2004". However, in the "current status" field of the credit report, Equifax has erroneously reported that the account is still "30-59 Days Past Due", thus giving the false impression to each and every person viewing the report that the account is still past due.

8. Upon information and belief, Equifax continually reports inaccurate and unclear information in such a manner on consumer disclosures. Equifax does know how to report such information accurately and clearly. Any past due information such as an alleged late payment history is included in the "account history" section of the consumer report, per their admission.

9. Equifax also admits in the consumer disclosure generally, on page 2 of the report, that the "activity description" field notates "the most recent account activity". Thus, on the Plaintiff's report, since this account was "paid" according to the "activity description", it is now impossible for it to be 30-59 days past due. Upon information and belief, multiple consumers and furnishers have advised Defendant that Defendant's mode of reporting this information is unclear and/or inaccurate.

10. This account information is compiled from the furnishers and then disclosed in the consumer report through the E-OSCAR system. Equifax has the knowledge and information to determine that the account was paid and closed, and thus Equifax clearly is not following reasonable procedures to assure maximum possible accuracy.

11. Defendant's conduct is deliberate and willful as shown by the large number of consumers for whom they consistently fail to clearly and accurately report the "current status" and "status" information. Thus this is a willful violation of the FCRA, not a negligent one.

12. Plaintiff and the class have been damaged as a direct and proximate cause of all of the Defendant's actions. Plaintiff and class have suffered from credit reports that are unclear

and erroneous and make it look like the accounts are still past due and delinquent when they are not.

13. Plaintiff and the class have suffered damage to their credit worthiness.

14. Plaintiff and the class have been damaged because this misleading information and/or errors have impaired their ability to build their credit worthiness and to obtain credit on more favorable terms.

15. As a direct result of said errors, Defendant has misinformed third parties as to the status of this account. Defendant has reflected credit information which is incorrect, inaccurate, misleading and/or false, and has failed to use reasonable procedures to assure maximum possible accuracy of the information it is reporting about a large number of consumers.

## CLASS ACTION ALLEGATIONS

16. <u>Definition of the Class for Count I.</u> Plaintiff brings all claims herein as class claims pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) are met with respect to the class, defined below (the "Class"):

> All individuals in the United States for whom Defendant reported alleged late payment information in the "current status" and "status" fields when the account was already paid or closed and/or discharged in bankruptcy.

17. <u>Definition of the Class for Count II.</u> Plaintiff brings all claims herein as class claims pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) are met with respect to the class, defined below (the "Class"):

> All individuals in the United States who made a file disclosure request and for whom Defendant reported alleged late payment information in the "current status" and "status" fields when the account was already paid or closed and/or discharged in bankruptcy.

<u>Numerosity</u>

18. At this time, Plaintiff does not know the exact size of the Class; however, due to the nature of the trade and commerce involved, Plaintiff believes that Class members are so

numerous that joinder of all members is impracticable. The number of class members can be determined through appropriate discovery.

Commonality

19. There are questions of law or fact common to the Class, including, *inter alia*, the following:

   a. Whether Defendant's conduct alleged herein violates the FCRA;

   b. Whether Defendant's failure to use reasonable procedures to assure maximum possible accuracy of the consumer disclosure violates the FCRA;

   c. Whether Defendant's failure to clearly and accurately disclose all information in the consumers' files violates the FCRA; and

   d. Whether Plaintiff and the Class have been damaged and the appropriate measure of such damages.

Typicality

20. Plaintiff has the same interests in this matter as all other members of the Class, and her claims are typical of all members of the Class.

Adequacy

21. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in the prosecution and successful resolution of consumer class actions. Plaintiff will fairly and adequately represent the interests of Class members and does not have interests adverse to the Class.

The Prerequisites of Rule 23(b)(2) are Satisfied.

22. The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) exist as Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.

23. The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for Defendant. For example, one court might decide that the challenged actions are illegal and enjoin them, while another court might decide that those same actions are not illegal. Individual actions may, as a practical matter, be dispositive of the interest of the Class, who would not be parties to those actions.

24. Defendant's actions are generally applicable to the Class as a whole, and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole.

25. Defendant's systemic policy and practices make declaratory relief with respect to the Class as a whole appropriate.

The Prerequisites of Rule 23(b)(3) are Satisfied.

26. This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3). The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary, injunctive and equitable relief at issue for each individual Class member. This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the Class defined above.

## COUNT ONE—REASONABLE PROCEDURES
### Violations of the FCRA - 15 U.S.C. §1681 *et seq.* by Defendant Equifax

27. Plaintiff re-alleges and incorporates paragraphs 1 through 16 and 18 through 26 above as if fully stated herein.

28. At all times pertinent hereto, Defendant was a "credit reporting agency," as that term is used in the FCRA.

29. Defendant willfully violated 15 U.S.C. §1681e(b), throughout the entire course of its actions, by willfully failing to follow reasonable procedures in the preparation of the consumer report concerning the Plaintiff and the Class, to assure maximum possible accuracy of the information in the report described in above paragraphs 7 through 10 (relating to "current status" and "status"), in violation of 15 U.S.C. §1681e(b).

30. The conduct, action and inaction of Defendant was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

31. The Plaintiff and Class are entitled to recover statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to §1681n and 1681o.

## COUNT TWO—FILE DISCLOSURE

### Violations of the FCRA - 15 U.S.C. §1681 *et seq.* by Defendant Equifax

32. Plaintiff re-alleges and incorporates paragraphs 1 through 15 and 17 through 26 above as if fully stated herein.

33. At all times pertinent hereto, Defendant was a "credit reporting agency," as that term is used in the FCRA.

34. The Defendant willfully violated 15 U.S.C. §1681g(a), throughout the entire course of its actions, by willfully failing, upon request, to disclose clearly and accurately the "current status" of the Plaintiff's and the class's consumer report, in violation of U.S.C. §1681g(a).

35. The conduct, action and inaction of Defendant was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

36. The Plaintiff and Class are entitled to recover statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to §1681n and 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an Order and judgment against Defendant as follows:

A. Entering judgment in favor of Plaintiff and the Class against Defendant;

B. Awarding Plaintiff and the Class their statutory damages, together with their costs and attorneys' fees;

C. Awarding Plaintiff and the Class punitive damages as allowed by law;

D. Certifying this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) with respect to the Class, including subclasses, defined herein;

E. Designating Plaintiff the representative of the Class and her counsel Class counsel; and

F. Awarding such further and other relief as the Court deems just.

## JURY TRIAL DEMAND

Plaintiff and the Class are entitled to and hereby demand a trial by jury as stated in the U.S. Constitution, Amendment 7 and F.R.C.P. 38.

Dated this 27th day of February, 2008.

Respectfully Submitted by,

**LAW OFFICES OF JAMES S. KNOPF**

By: _____

James S. Knopf (CSBN 178934)
1840 Gateway Drive, Suite 200
San Mateo, California 94404
Telephone 650-627-9500
jsk@knopflaw.com

8
COMPLAINT

LEHRMAN & LEHRMAN, P.A.
Seth Lehrman  (CSBN 178303)
1801 North Pine Island Rd., Suite 103
Plantation, Florida 33322
Telephone 954-472-9990
seth@LehrmanLaw.com

STEVEN F. GROVER, P.A.
Steven F. Grover
1 East Broward Blvd., Suite 700
Fort Lauderdale, Florida  33301
954-356-0005
lawhelp@earthlink.net
(Seeking Pro Hac Vice Admission pursuant to Local Rule 83-2.4)

Attorneys for Plaintiff and Proposed Class

James S. Knopf   CSBN178934
LAW OFFICES OF JAMES S. KNOPF
1840 Gateway Drive, Suite 200
San Mateo, CA 94404
650-627-9500
jsk@knopflaw.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| Obelia D. Villaflor, Individually, and on behalf of all similarly situated Individuals /PLAINTIFF(S) v. | CV08-01481 FMC (AGRx) |
| Equifax Information Services, LLC  DEFENDANT(S). | SUMMONS |

TO: DEFENDANT(S): <u>Equifax Information Services, LLC</u>

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>James S. Knopf</u>, whose address is <u>1840 Gateway Drive, Suite 200, San Mateo, CA 94404</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAR - 3 2008

By: _Natalee Frangipia_
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Florence-Marie Cooper and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

**CV08- 1481 FMC (AGRx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Obelia D. Villaflor

**DEFENDANTS**
Equifax Information Services, LLC

**(b) County of Residence of First Listed Plaintiff** (Except in U.S. Plaintiff Cases):
Los Angeles

**County of Residence of First Listed Defendant** (In U.S. Plaintiff Cases Only):

**(c) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

James S. Knopf, Esq.    650-627-9500
LAW OFFICES OF JAMES S. KNOPF
1840 Gateway Dr., Ste 200
San Mateo, CA 94404

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations Fair Credit Reporting Act, 15 U.S.C. §1681 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: CV08-01481    BY FAX

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☑ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   Los Angeles County

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

   Los Angeles County

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
   Los Angeles County

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 2-28-08

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |