JAMES S. KNOPF  (CSBN 178934)
LAW OFFICES OF JAMES S. KNOPF
1840 Gateway Drive, Suite 200
San Mateo, CA 94404
Tel: 650-627-9500
Fax: 888-808-5001
Email: jsk@knopflaw.com

Along with other Plaintiff's counsel

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Obelia D. Villaflor, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>Equifax Information Services, LLC,<br><br>Defendant. | Case No.:  2:08-cv-01481 DOC (MLGx)<br><br>Judge: Hon. David O. Carter<br><br>Magistrate Judge: Hon. Marc L. Goldman<br><br>**Second Amended Class Action Complaint for Violations of the FCRA - 15 U.S.C. §1681 et seq.**<br><br>**BY FAX**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Obelia D. Villaflor, ("Plaintiff"), individually and on behalf of all similarly situated individuals, alleges the following:

## JURISDICTION

1. This action is brought by Plaintiff as a class action on behalf of herself and the class of consumers defined herein against the named defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, as amended ("FCRA").

2. Federal question jurisdiction properly exists over this action under 15 U.S.C. §1681p and 28 U.S.C. §§1331 and 1337.

3. Defendant Equifax Information Services, LLC ("Equifax" or "Defendant") is a business entity that regularly conducts business throughout every state and county of the United States and, as a corporation that conducts business in the State of California, is a citizen of the State of California.  Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).  Equifax is regularly engaged in the business practice of assembling,

1

evaluating, and disbursing information concerning consumers for the purpose of preparing and furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(f).

## VENUE

4. Venue in the United States District Court for the Central District of California is proper under 28 U.S.C. § 1391(b) and based upon the following:

    a. Defendant transacts business in this District.

    b. The parties have agreed that the Northern District of California, San Francisco Division is a proper venue for this action. Accordingly, the parties have requested that the Court transfer the instant action to the Northern District of California, San Francisco Division.

    c. At all times material hereto, the Defendant was and continues to be a corporation engaged in business activities in San Francisco County, California, and as such is a citizen of the State of California.

5. The lead plaintiff is an individual residing in California and is a "consumer" as that term is defined by 15 U.S.C. §1681 *et seq.*, as amended, including 15 U.S.C. § 1681a(c).

## FACTS COMMON TO ALL COUNTS

6. Plaintiff is a natural person domiciled in, and a citizen of, California. Plaintiff is a member of the classes defined herein. Defendant is a consumer reporting agency which has compiled and disclosed certain information about the Plaintiff and the class on their consumer reports.

7. On or about May 29, June 15, and September 10, 2007, respectively, Defendant Equifax provided Plaintiff with "credit report[s]" (Confirmation numbers 7121061797; 714602809; and 7253045490), alternatively referred to as "consumer disclosure[s]", "file disclosure[s]", or "consumer report[s]".

8. Defendant Equifax has repeatedly disclosed on a consumer disclosure to the Plaintiff, an alleged account with Ameriquest Mortgage Company. Equifax has disclosed that this

2

account has been "paid" in the "activity description" field of the consumer disclosure and that the account has been closed on "06/2004". However, in the "current status" field of the credit report, Equifax has inaccurately and erroneously reported that the account is still "30-59 Days Past Due", thus giving the false impression to each and every person viewing the report that the account is still past due.

9. Upon information and belief, Equifax continually reports inaccurate and unclear information in such a manner on consumer disclosures. Equifax does know how to report such information accurately and clearly. Any past due information such as an alleged late payment history is included in the "account history" section of the consumer report, per their admission.

10. Equifax also admits in the consumer disclosure generally, on page 2 of the report, that the "activity description" field notates "the most recent account activity". Thus, on the Plaintiff's report, since this account was "paid" according to the "activity description", it is now impossible for it to be 30-59 days past due. Upon information and belief, multiple consumers and furnishers have advised Defendant that Defendant's mode of reporting this information is unclear and/or inaccurate.

11. This account information is compiled from the furnishers and then disclosed in the consumer report through the E-OSCAR system. Equifax has the knowledge and information to determine that the account was paid and closed, and thus Equifax clearly is not following reasonable procedures to assure maximum possible accuracy.

12. Defendant's conduct is deliberate and willful as shown by the large number of consumers for whom they consistently fail to clearly and accurately report the "current status" and "status" information. Thus this is a willful violation of the FCRA, not a negligent one.

13. Plaintiff and the class have been damaged as a direct and proximate cause of all of the Defendant's actions. Plaintiff and class have suffered from credit reports that are unclear and erroneous and make it look like the accounts are still past due and delinquent when they are not.

14. Plaintiff and the class have suffered damage to their credit worthiness.

15. Plaintiff and the class have been damaged because this misleading information and/or errors have impaired their ability to build their credit worthiness and to obtain credit on more favorable terms.

16. As a direct result of said errors, Defendant has misinformed third parties as to the status of this account. Defendant has reflected credit information which is incorrect, inaccurate, misleading and/or false, and has failed to use reasonable procedures to assure maximum possible accuracy of the information it is reporting about a large number of consumers.

## CLASS ACTION ALLEGATIONS

17. <u>Definition of the Class for Count I.</u> Plaintiff brings all claims herein as class claims pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a) and (b)(3) are met with respect to the class, defined below (the "Class"):

> All individuals in the United States for whom Defendant, at any time since February 28, 2006, reported alleged late payment information in the "current status" and "status" fields when the account was already paid or closed and/or discharged under Chapter 13 of the Bankruptcy Code, 11 U.S.C. Sec. 1328. All individuals who received a discharge under Chapter Seven of the Bankruptcy Code, 11 U.S.C. Sec. 727, shall be excluded from the class.

18. <u>Definition of the Class for Count II.</u> Plaintiff brings all claims herein as class claims pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a) and (b)(3) are met with respect to the class, defined below (the "Class"):

> All individuals in the United States who made a file disclosure request and for whom Defendant, at any time since February 28, 2006, reported alleged late payment information in the "current status" and "status" fields when the account was already paid or closed and/or discharged under Chapter 13 of the Bankruptcy Code, 11 U.S.C. Sec. 1328. All individuals who received a discharge under Chapter Seven of the Bankruptcy Code, 11 U.S.C. Sec. 727, shall be excluded from the class.

<u>Numerosity</u>

19. At this time, Plaintiff does not know the exact size of the Class; however, due to the nature of the trade and commerce involved, Plaintiff believes that Class members are so numerous that joinder of all members is impracticable. The number of class members can be determined through appropriate discovery.

Commonality

20. There are questions of law or fact common to the Class, including, *inter alia*, the following:

   a. Whether Defendant's conduct alleged herein violates the FCRA;

   b. Whether Defendant's failure to use reasonable procedures to assure maximum possible accuracy of the consumer disclosure violates the FCRA;

   c. Whether Defendant's failure to clearly and accurately disclose all information in the consumers' files violates the FCRA; and

   d. Whether Plaintiff and the Class have been damaged and the appropriate measure of such damages.

Typicality

21. Plaintiff has the same interests in this matter as all other members of the Class, and her claims are typical of all members of the Class.

Adequacy

22. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in the prosecution and successful resolution of consumer class actions. Plaintiff will fairly and adequately represent the interests of Class members and does not have interests adverse to the Class.

The Prerequisites of Rule 23(b)(3) are Satisfied.

23. This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3). The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will

prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary, injunctive and equitable relief at issue for each individual Class member. This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the Class defined above.

### COUNT ONE—REASONABLE PROCEDURES
### Violations of the FCRA - 15 U.S.C. §1681 *et seq.* by Defendant Equifax

24. Plaintiff re-alleges and incorporates paragraphs 1 through 17 and 19 through 23 above as if fully stated herein.

25. At all times pertinent hereto, Defendant was a "credit reporting agency," as that term is used in the FCRA.

26. Defendant willfully violated 15 U.S.C. §1681e(b), throughout the entire course of its actions, by willfully failing to follow reasonable procedures in the preparation of the consumer report concerning the Plaintiff and the Class, to assure maximum possible accuracy of the information in the report described in above paragraphs 7 through 10 (relating to "current status" and "status"), in violation of 15 U.S.C. §1681e(b).

27. The conduct, action and inaction of Defendant was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

28. The Plaintiff and Class are entitled to recover statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to §1681n and 1681o.

### COUNT TWO—FILE DISCLOSURE
### Violations of the FCRA - 15 U.S.C. §1681 *et seq.* by Defendant Equifax

29. Plaintiff re-alleges and incorporates paragraphs 1 through 16 and 18 through 23 above as if fully stated herein.

30. At all times pertinent hereto, Defendant was a "credit reporting agency," as that term is used in the FCRA.

31. The Defendant willfully violated 15 U.S.C. §1681g(a), throughout the entire course of its actions, by willfully failing, upon request, to disclose clearly and accurately the "current status" of the Plaintiff's and the class's consumer report, in violation of U.S.C. §1681g(a).

32. The conduct, action and inaction of Defendant was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

33. The Plaintiff and Class are entitled to recover statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to §1681n and 1681o.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for an Order and judgment against Defendant as follows:

    A.    Entering judgment in favor of Plaintiff and the Class against Defendant;

    B.    Awarding Plaintiff and the Class their statutory damages, together with their costs and attorneys' fees;

    C.    Awarding Plaintiff and the Class punitive damages as allowed by law;

    D.    Certifying this action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) with respect to the Class, including subclasses, defined herein;

    E.    Designating Plaintiff the representative of the Class and her counsel Class counsel; and

    F.    Awarding such further and other relief as the Court deems just.

/ /

Intentionally left blank

/ /

## JURY TRIAL DEMAND

Plaintiff and the Class are entitled to and hereby demand a trial by jury as stated in the U.S. Constitution, Amendment 7 and F.R.C.P. 38.

Dated this 26 day of August, 2008.

Respectfully Submitted by,

LAW OFFICES OF JAMES S. KNOPF

By: _____

James S. Knopf (CSBN 178934)
1840 Gateway Drive, Suite 200
San Mateo, California 94404
Telephone 650-627-9500
jsk@knopflaw.com


LEHRMAN & LEHRMAN, P.A.
Seth Lehrman (CSBN 178303)
1801 North Pine Island Rd., Suite 103
Plantation, Florida 33322
Telephone 954-472-9990
seth@LehrmanLaw.com


STEVEN F. GROVER, P.A.
Steven F. Grover
1 East Broward Blvd., Suite 700
Fort Lauderdale, Florida 33301
954-356-0005
lawhelp@earthlink.net

Attorneys for Plaintiff and Proposed Class